UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ARON D. PONDER, | ) |
| *Plaintiff,* | ) ) ) JURY DEMAND |
| v. | ) ) Case No. |
| EMERGENT TECHNOLOGIES GROUP, LLC, | ) ) ) |
| *Defendant.* | ) ) |

## COMPLAINT

COMES NOW, the Plaintiff, Aron D. Ponder, by and through counsel, Michael D. Galligan and Bailey D. Barnes, in accordance with the Federal Rules of Civil Procedure, and levies the following allegations against the Defendant, Emergent Technologies Group, LLC.

### I. PARTIES

1. Plaintiff Aron D. Ponder ("Mr. Ponder") is a citizen and domiciliary of Dekalb County, Tennessee, residing at 7851 Old Mill Hill Road in Dowelltown, Tennessee 37059.

2. Defendant Emergent Technologies Group, LLC ("Emergent Technologies") is a domiciliary limited liability company that is registered in the State of Georgia. Emergent Technologies' principal place of business is 5390 Sandy Lake East in Lithonia, Georgia 30038.

### II. JURISDICTION & VENUE

3. This Court has diversity subject matter jurisdiction over this action because there is complete diversity of state citizenship between the parties and the amount in controversy exceeds $75,000.00 in accordance with 28 U.S.C. § 1332(a)(1) (2018).

4. This Court has specific personal jurisdiction over Emergent Technologies under the Tennessee long-arm statute, Tennessee Code Annotated § 20-2-223, and because Emergent Technologies has minimum contacts in Tennessee, this claim arises out of those contacts, Emergent Technologies has purposefully availed itself of the laws and benefits of the State of Tennessee, and this exercise of personal jurisdiction is reasonable and does not offend traditional notions of fair play and substantial justice.

5. Venue is proper in this Court in accordance with 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

### III. Facts

6. On July 27, 2021, Mr. Ponder was driving his motorcycle eastbound on Dry Creek Road in Smithville, Tennessee around 2:13 PM central time.

7. Mr. Ponder was driving at or below the posted speed limit.

8. At the same time, employees and agents of Emergent Technologies were conducting utility work around Dry Creek Road and had stretched a wire across the roadway, thereby obstructing the street for motorists' travel.

9. To warn would-be passersby, Emergent Technologies only had one truck with yellow lights beyond the location of the outstretched wire in the westbound lane.

10. Emergent Technologies' agents employed no other traffic control signals or warnings.

11. An employee of Emergent Technologies, Mackenzy Hamby, observed Mr. Ponder approaching the location of the wire.

12. Unfortunately, Mr. Ponder, driving a motorcycle, struck the extended cable.

13. The violent collision wrapped the cable around Mr. Ponder's body and quickly ceased Mr. Ponder's momentum.

14. Mr. Ponder's motorcycle came to rest in a nearby yard while Mr. Ponder was stuck in the cable's grasp.

15. Mr. Ponder remained on the motorcycle when it came to its final rest.

16. As a result of this crash, Mr. Ponder suffered physical injuries, incurred medical expenses, lost wages, and endured pain, suffering, annoyance, inconvenience, and reduction of quality of life.

17. To date, Mr. Ponder has incurred medical expenses in excess of $21,900.

18. Mr. Ponder incurred lost wages from his lawncare business because he was unable to mow yards for two peak summer months.

IV. CAUSES OF ACTION

A. *Negligence*

19. Mr. Ponder incorporates by reference every paragraph of this Complaint as if set forth fully in this cause of action.

20. Emergent Technologies owed a duty to Mr. Ponder, and other motorists on Dry Creek Road, to exercise reasonable care in warning drivers on the public roadway of the wire stretched across the street.

21. By failing to provide adequate warnings and traffic control signals to Mr. Ponder, Emergent Technologies breached this standard of care.

22. Emergent Technologies' breach of the standard of care factually and proximately caused Mr. Ponder's injuries because but for Emergent Technologies' failing to warn Mr. Ponder of the wire across the street, he would not have collided with the wire and been injured, and there were no superseding factors that caused this crash.

23. As a direct and proximate result of Emergent Technologies' negligent actions, Mr. Ponder has suffered physical injuries that include daily or near-daily headaches, a cracked sternum, a substantial gash along the left side of his abdomen and neck that has left a noticeable scar, as well as other cuts, bruises, and general soreness.

24. As a direct and proximate result of Emergent Technologies' negligent actions, Mr. Ponder has incurred medical expenses, lost wages, and endured pain, suffering, annoyance, inconvenience, and reduction of quality of life.

B. *Negligence Per Se*

25. Mr. Ponder incorporates by reference every paragraph of this Complaint as if set forth fully in this cause of action.

26. Emergent Technologies is guilty of negligence *per se* in that it violated the following statutory provisions in the State of Tennessee:

    a. Failure to exercise due care – Tenn. Code Ann. § 55-8-136; and

    b. Failure to use proper temporary traffic control signs – Tenn. Comp. R. & Regs. 1680-6-1-.07(1).

27. Mr. Ponder is a member of the class of persons meant to be protected by these statutes and regulations as he was a member of the motoring public at risk of injury because of the failure of a company involved in utility construction or maintenance to obey traffic laws and regulations for warning motorists of utility construction or maintenance.

28. The injuries suffered by Mr. Ponder here are within the class of injuries intended to be prevented by these statutes and regulations because the injuries occurred on the public roadway at a site of utility construction or maintenance and Mr. Ponder's injuries are consistent with those suffered by individuals involved in motor vehicle crashes.

29. Emergent Technologies' negligence *per se* factually and proximately caused Mr. Ponder's injuries because but for Emergent Technologies' failing to follow the statutes and regulations of the State of Tennessee, Mr. Ponder would have been properly warned of the wire and would not have collided with the wire and been injured, and there were no superseding factors that caused this crash.

30. As a direct and proximate result of Emergent Technologies' negligence *per se*, Mr. Ponder has suffered physical injuries that include daily or near-daily headaches, a cracked sternum, a substantial gash along the left side of his abdomen and neck that has left a noticeable scar, as well as other cuts, bruises, and general soreness.

31. As a direct and proximate result of Emergent Technologies' negligence *per se*, Mr. Ponder has incurred medical expenses, lost wages, and endured pain, suffering, annoyance, inconvenience, and reduction of quality of life.

## V.  DAMAGES

32. Mr. Ponder incorporates by reference every paragraph of this Complaint as if set forth fully in this claim for damages.

33. As a result of Emergent Technologies' negligence and negligence *per se*, Mr. Ponder is entitled to recover compensatory damages from Emergent Technologies for the following: physical injuries; lost wages; past, present, and future pain and suffering; past, present, and future medical expenses; and loss of past, present, and future enjoyment of life.

**WHEREFORE, THE PLAINTIFF PRAYS:**

a) That proper process issue requiring Emergent Technologies to answer this Complaint; however, such answer need not be made under oath;

b) That Mr. Ponder be awarded a judgment against Emergent Technologies for compensatory damages in an amount not to exceed seven hundred and fifty thousand dollars ($750,000);

c) That a jury of twelve persons be empaneled to try the factual issues in this case;

d) That the costs of this action be taxed to Emergent Technologies; and

e) For such other relief as this Court deems appropriate.

Respectfully submitted,

GALLIGAN & NEWMAN

s/Michael D. Galligan
s/Bailey D. Barnes
Michael D. Galligan, BPR No. 3181
Bailey D. Barnes, BPR No. 039246
309 West Main Street
McMinnville, Tennessee 37110
t: (931) 473-8405 | f: (931) 473-1888
mgalligan@galligannewmanlaw.com
bbarnes@galligannewmanlaw.com
*Attorneys for Aron D. Ponder*